JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LINDA KATIRAEI, *et al.*

Plaintiffs,

v.

MERCEDES-BENZ USA, LLC, *et al.*,

Defendants.

Case No. 2:25-cv-11701-FLA (ASx)

**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 13]**

## RULING

On October 30, 2025, Plaintiffs Linda and Pejman Katiraei ("Plaintiffs") filed a Complaint in the Los Angeles County Superior Court, asserting three causes of action against Defendant Mercedes-Benz USA, LLC ("Defendant") for violations of the California Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1790, *et seq*.  *See* Dkt. 1-1 ("Compl.").  As relevant here, Plaintiffs seek actual damages, civil penalties, and attorney's fees. *Id.* at 10–11.[1]

/ / /

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

On December 10, 2025, Defendant removed the action to this court, alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  Dkt. 1 at 1.  On February 19, 2026, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy.  Dkt. 13.  On March 5, 2026, Defendant filed a Response (Dkt. 16, "Def.'s Resp."), and a Request for Judicial Notice (Dkt. 17).

Having reviewed and considered the Notice of Removal, Defendant's response to the OSC, and all relevant portions of the record, the court finds Defendant fails to establish subject matter jurisdiction by a preponderance of the evidence and REMANDS this action to the Los Angeles County Superior Court.  Defendant's Request for Judicial Notice (Dkt. 17) is DENIED as not material to the court's decision.

## DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); U.S. Const. art. III, § 2, cl. 1.  District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a).  Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the

defendant or the defendants" to the district court for the district and division where the action is pending.  28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89.  Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*.

### A.    Actual Damages

At issue here is whether the amount in controversy exceeds the $75,000 jurisdictional minimum for diversity jurisdiction.  Under the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."  Cal. Civ. Code § 1793.2(d)(2)(B)–(C).  This includes a mileage offset, which is calculated by reducing the purchase price by an amount directly proportional to the number of miles driven.  *Id.* § 1793.2(d)(2)(C).

Plaintiffs allege they leased a 2024 Mercedes-Benz EQS450X from Defendant on August 4, 2026.[2]  Compl. ¶ 8.  Plaintiffs do not allege the "actual price paid or

---

[2] Considering August 4, 2026, has not yet occurred and the model year of the vehicle in question, the court presumes this is a typographical error and that Plaintiffs intended to allege they leased the vehicle on August 4, 2025.

payable" for the vehicle, but they seek restitution of $104,968.54—which appears to be the full purchase price of the vehicle. *Id.* at Prayer ¶¶ 1, 3.

Defendant argues this amount is in controversy because it is the amount identified in the Complaint. Def.'s Resp. at 5. Defendant does not offer any explanation for why $104,968.54 is at issue plausibly given that the vehicle was leased—not purchased—and that Plaintiffs may recover only the "actual price paid or payable." Cal. Civ. Code § 1793.2(d)(2)(B); *see also id.* § 1793.2(d)(2)(D) (the Song-Beverly Act applies to leased vehicles). Defendant also does not submit a copy of the lease agreement or provide any evidence of the amount Plaintiffs paid or were legally obligated to pay thereunder. *See* Def.'s Resp.

The court, therefore, finds Defendant has not met its burden to establish by a preponderance of the evidence that any amount of actual damages is in controversy. *See Dart Cherokee*, 574 U.S. at 89.

## B.   Civil Penalties

Defendant next argues Plaintiffs' request for civil penalties of twice the base amount of damages must be included in the amount in controversy calculation. Def.'s Resp. at 5–7. "A plaintiff who establishes that a violation of the Song-Beverly Act was willful may recover a civil penalty of up to two times the amount of actual damages." *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (citing Cal. Civ. Code § 1794(c)) (brackets omitted). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy) (quotation marks omitted).

District courts regularly find Song-Beverly Act plaintiffs' conclusory allegations regarding willfulness are insufficient to place civil penalties in controversy absent specific facts pleaded. *See Estrada*, 2021 WL 223249, at *3 (collecting cases

"remanding where civil penalties were too speculative for inclusion in the amount-in-controversy") (quotation marks omitted).  This is because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation marks removed); *see also Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).

As Defendant fails to establish any specific amount of actual damages are in controversy, the court likewise finds Defendant fails to establish any specific amount of civil penalties are at issue.  *See Estrada*, 2021 WL 223249, at *3 (the penalty is capped at "two times the amount of actual damages").  The court, therefore, will not include any amount of civil penalties in the amount in controversy calculation.

## C.    Attorney's Fees

Finally, Defendant contends Plaintiffs' demand for attorney's fees provides an additional reason for the court to determine the amount in controversy satisfies the jurisdictional minimum.  Def.'s Resp. at 8–9.  In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold.  *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016).  A removing defendant, however, must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence … with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).  "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

"While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not

5

that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, Case No. 3:21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021); *see also D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) (recognizing "many cases alleging violations of the [Song-Beverly] Act settle early"). Moreover, a defendant fails to show attorney's fees are part of the amount in controversy where it "makes no effort to explain what amount of attorney fees might be sought or awarded in th[e] case[.]" *Vega v. FCA US, LLC*, Case No. 2:21-cv-05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021).

Defendant contends "[f]ee awards in cases of this nature may be substantial, even in cases that are settled without trial," and cites several cases in which attorney's fees were awarded. Def.'s Resp. at 8.[3] Defendant, however, does not explain how any of these cases are "similar enough to the case at hand," such that "it is more likely than not that [Plaintiffs] may incur a similar fee award." *See Kaplan*, 2021 WL 4352340, at *6. Defendant's argument, thus, fails.

Defendant additionally calculates that the potential attorney's fees sought in this matter will be $21,000, at minimum, assuming Plaintiff's counsel seeks attorney's fees at an hourly rate of $600 and bills at least 35–40 hours in connection with this action. Def.'s Resp. at 7. Even if the court were to assume *arguendo* that $21,000 is a plausible estimate of Plaintiffs' attorney's fees, this amount would not be sufficient to bring the amount in controversy above the $75,000 jurisdictional minimum.

Given that the removal statute is construed strictly and all doubts are resolved in favor of remand, the court finds Defendant has failed to demonstrate the amount in controversy exceeds the jurisdictional minimum based on attorney's fees.

/ / /

---

[3] Because Defendant fails to explain why the facts of the cases cited are comparable to the facts alleged in the Complaint, Defendant's Request for Judicial Notice (Dkt. 17) is DENIED as not material to the court's decision.

## **CONCLUSION**

For the aforementioned reasons, the court finds Defendant has failed to establish the amount in controversy exceeds the $75,000 jurisdictional threshold required for diversity jurisdiction.  The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 25SMCV05645.  Defendant's Request for Judicial Notice (Dkt. 17) is DENIED.  All dates and deadlines in this court are VACATED, and the clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: March 17, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge